A. H. DANIELS v. THE STATE.

No. 7578.   Decided March 28, 1923.

Rehearing denied April 4, 1923.

**1.—Unlawfully Carrying Pistol.**

Where, upon trial of unlawfully carrying pistol, the evidence supported the conviction, there is no reversible error.

2.—Same—Evidence—Practice on Appeal—Harmless Error.

Where the bill of exceptions complained of a question asked appellant on the witness stand, if it was not true that he had consulted a lawyer about his case and told the lawyer that he had a pistol in his possession on the night that he was arrested, which the witness denied, and besides, the court sustained the objection to the question and instructed the jury according to the facts, there is no reversible error.

3.—Same—Evidence—Practice in Trial Court.

Where the court sustained the objection to the State's question whether the witness had a pistol on said occasion, which was inadmissible, there is no reversible error; besides it was shown that the witness had the right to carry the pistol as a traveller.

Appeal from the County Court of Smith. Tried below before the Hon. D. R. Pendleton.

Appeal from the conviction of unlawfully carrying a pistol; penalty, a fine of one hundred and twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Smith County of unlawfully carrying on and about his person a pistol, and his punishment fixed at a fine of $175.

Appellant was a colored preacher. One of the female members of his flock was taking her departure to attend a convention. Appellant and a number of other members of his church went to the depot to bid her farewell. The husband of the departing delegate appeared on the scene carrying a stick; he beckoned to appellant with said stick to come out of the depot. Appellant came out. The irate husband said to appellant that he had warned him not to see his wife any more; that he had told him to stay away from his wife; the husband swore that appellant went back in the depot and came out shortly and pulled an automatic pistol on him and that he left speedily to get the officers. Appellant's witnesses denied that he had any pistol on the occasion in question. Another State witness, an officer, testified that upon the report being made to him by the husband of Mrs. Jones, the departing delegate, that appellant had drawn an automatic pistol on the occasion in question, witness went to appellant's home and found him on the front porch; that he demanded appellant's pistol and the latter's wife brought it out; that witness felt of the pistol and it was warm and there was moisture on the outside of the cylinder chambers of said pistol. This witness testified that from his experience in carrying pistols moisture such as this would form on them when carried near the body; that he

had been a peace officer for twenty years. The jury having heard all the evidence and having resolved its conflicts in favor of the State and against appellant, we are unable to say that there was no testimony supporting their conclusion of guilt.

By a bill of exceptions appellant complains of a question asked him while on the witness stand if it was not true that he had consulted a lawyer about his case and told said lawyer that he had a pistol in his possession on the night he was arrested. This bill is approved with qualifications which render the matter entirely harmless. In said qualification the trial court certifies that the county attorney asked appellant if he had talked with said lawyer about his case, to which appellant replied that he did. It is also made to appear that the county attorney asked appellant if in the conversation he had with said attorney he told him he had on a gun on the night in question and that appellant said that he did not tell the lawyer any such fact. It appears that at this juncture appellant's attorney objected, stating that such evidence would be inadmissible. The court sustained the objection and instructed the jury that the asking of the question by the county attorney was misconduct and that they should not pay any attention thereto. In said qualification it also appears that when the appellant's attorney objected to the answer to this question, he stated that the evidence would be inadmissible and therefore could not be proven. That the county attorney retorted that it would be admissible to prove it. The court further certifies that in his instructions to the jury he told them they would disregard both the questions asked and the comment made. The court states that he did not ask them to disregard the statement of the defendant in which he said that he did not tell said attorney that he had any pistol on the night in question. It is further certified in said qualification that no reference was made to this matter during the remainder of the case and same was in no way alluded to in the argument. We are unable to see any error in the matter as it here appears.

It is also made to appear by bill of exceptions that another colored preacher, who was testifying in behalf of appellant, was on the stand and the county attorney asked him if he did not also have on a big gun the night appellant was arrested. Appellant objected to this question and the court instructed the jury not to consider same. The court in qualifying this bill says that the evidence showed that this witness was on his way to St. Louis and was a traveler and that his carrying a pistol would not have been unlawful, but that he sustained the objection made by appellant and instructed the jury to disregard the question asked. The witness did not answer the question, and there was no comment on the matter further during the trial.

This disposes of the various questions raised on the trial, and no error appearing in the record, an affirmance will be ordered.

*Affirmed.*